# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACKIE BRISTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2446** |
| **WANDA JONES, RN, ET AL.** | **SECTION "H"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jackie Brister, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against Nurse Wanda Jones, Warden Jim Miller, and Sheriff Randy Seals.  In the complaint, plaintiff states his claim as follows:

> I'm writing this claim because I'm being charged twice for my medication, which being a D.O.C. inmate I'm not suppose to be paying for any meds.  Nurse Jones is having money taken from my medicaid and also from my inmate account. Wanda Jones is involved because she is over pill call.  Jim Miller is involved because he's the Warden over all persons thats working at the jail.  Randy Seals is involved because he's boss over all persons here and he's got the last say about anything.[1]

Plaintiff attached to his complaint a copy of a grievance response from defendant Jones concerning this matter:

> **IN REFERENCE TO YOUR ARP I RECEIVED ON October 13, 2014 FOR COMPLAINT of medication billing.**  There seems to be a misunderstanding from you about the medication you take at night.  It is being charged under your

---

[1]   Rec. Doc. 15, p. 4.

Medicaid plan and the Washington Parish Sheriff's office is paying the co-pay.  You are not being charged for this one medication (Atripla).  There is no further action to be taken at this time.[2]

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on February 24, 2015.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

At that Spears hearing, plaintiff explained that, prior to his incarceration, the state's Medicaid program paid for his medications and he was charged a co-pay.  Once he was incarcerated, the jail continued to have the Medicaid program pay for his medications, and he is still charged a co-pay of approximately $2.50 to $5.00 per refill.  He argues that the medications should be provided to him for free while he is incarcerated, with no charge either to him or to the state Medicaid program.  He testified that he has never been denied medication due to an inability to pay the co-pay while incarcerated.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[2]   Rec. Doc. 15-1, p. 9.

2

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §

1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327

(1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

3

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint[3] and fully considering his Spears hearing testimony, the undersigned recommends that the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

As noted, plaintiff brought this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

[3]    The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

42 U.S.C. § 1983.  Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action.  First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of *rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added).

That second element is clearly lacking with respect to plaintiff's complaint that his medications are not being provided to him for free during his incarceration.  It simply is not unconstitutional to require inmates to pay for medications and medical services while incarcerated, so long as they are not denied such medications and services for serious medical needs when they are unable to pay.  Morris v. Livingston, 739 F.3d 740, 746-49 (5th Cir.), cert. denied, 134 S. Ct. 2734 (2014); Lester v. Jackson Parish Corrections Center, Civ. Action No. 3:12-cv-3106, 2013 WL 880346, at *2 (W.D. La. Feb. 11, 2013) ("[N]othing in the United States Constitution guarantees inmates the right to be entirely free from costs associated with medical treatment.  It is only when necessary medical care is denied to impecunious inmates that the Eighth Amendment is implicated." (citation omitted)), adopted, 2013 WL 880339 (W.D. La. Mar. 8, 2013); Stapleton v. Corrections Corporation of America, No. 12-CV-1859, 2013 WL 867184, at *2 (W.D. La. Jan. 29, 2013) ("Numerous courts have found that co-pay policies are constitutionally permissible if they do not interfere with timely and effective treatment of serious medical needs.  Nothing in the constitution guarantees inmates the right to be entirely free from costs." (footnote omitted)), adopted, 2013 WL 867180 (W.D. La. Mar. 7, 2013); Boyd v. Lasher, Civ. Action No. 09-7647, 2010 WL 497765, at *1 (E.D. La. Feb.  4, 2010) ("The policy complained of by plaintiff is apparently a 'co-pay' policy or a fee-for-service program which requires inmates with funds to bear part of the cost of their

medical treatment.  Courts that have considered such programs have routinely found them to be constitutionally permissible provided that they do not interfere with the timely and effective treatment of an inmate's serious medical needs.  Prisoners enjoy no constitutional right to free medical care.  It is only when needed medical care is denied to impecunious inmates that the Constitution is violated." (citations omitted)); Coleman v. Whitney, Civ. Action No. 06-2285, 2006 WL 3791316, at *2 (E.D. La. Dec. 21, 2006) ("[P]laintiff appears to first argue that prison officials violated the Civil Rights Act by refusing to furnish his pain medication gratuitously. ... [H]owever, the mere fact that prison officials refused to furnish medication gratuitously does not rise to the level of a constitutional violation.  Programs that require inmates to bear part of their own medical costs remain within constitutional bounds so long as the program does not condition the providing of necessary medical services on an inmate's ability to pay." (citation omitted)).  Here, plaintiff conceded at the Spears hearing that he has never been denied medication due to an inability to pay the co-pay.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

6

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[4]

      New Orleans, Louisiana, this twenty-fourth day of March, 2015.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]    <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.